IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD WHITLEY, #208585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-CV-178-WKW |
| | ) | [WO] |
| | ) | |
| CHERYL PRICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ronald Whitley ["Whitley"], a state inmate confined at the Bibb County Correctional Facility, challenges the constitutionality of actions taken against him at the aforementioned facility with respect to his registering as sex offender under the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended).

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to provisions of 28 U.S.C. § 1404.[1]

**DISCUSSION**

A 42 U.S.C. § 1983 action "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial

---

[1] Whitley did not pay the requisite filing fee nor did he seek leave to proceed *in forma pauperis*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, the lack of these documents does not affect the action of this court as the assessment and collection of any filing fee will be undertaken by the United States District Court for the Northern District of Alabama.

district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

Defendant Price resides in the Northern District of Alabama. Although by virtue of his position as Commissioner of the Alabama Department of Corrections defendant Allen resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. The actions about which the plaintiff complains are occurring at a correctional facility located within the jurisdiction of the United States District Court for the Northern District of Alabama. Moreover, those persons personally involved in the alleged constitutional violations are employed at the aforementioned facility. Thus, it is clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to

---

[2] In transferring the present case, this court makes no determination with respect to the merits of the plaintiff's claims for relief. The court also defers issuing a ruling on the plaintiff's motion for class certification as such motion is more appropriately addressed by the United States District Court for the Northern District of Alabama.

2

the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before April 10, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of March, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE